UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDDIE M. VARGAS,

Plaintiff,

v.

EDWARD BORLA, et al.,

Defendants.

Case No. 25-cv-10394-JD

**ORDER REFERING CASE TO THE FEDERAL PRO BONO PROJECT AND STAYING CASE**

Re: Dkt. Nos. 4, 6

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he received inadequate medical care at his prison and the outside hospital where he underwent surgery. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but also "must also draw the inference." *Id*. If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not

United States District Court
Northern District of California

United States District Court
Northern District of California

give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition, "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference.... [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Defendant Dr. Ashby, plaintiff's doctor at his prison, told him that he required hernia surgery after numerous X-rays, ultrasounds, and MRIs.  Plaintiff disagreed with the diagnosis but agreed to surgery because if he refused treatment, his pain medication would be discontinued.

Plaintiff was transported to an outside Hospital for left inguinal hernia repair with mesh.  Defendant Dr. Ribas performed the surgery.  Plaintiff does not understand how this surgery was allowed to take place, because he never complained of any pain related to his hernia and Dr. Ribas should have performed her own tests before conducting surgery.  Plaintiff believed he had a kidney stone.

Since the surgery, plaintiff has been in more pain and discomfort and has difficulty walking.  At a follow-up appointment, plaintiff told Dr. Ribas that he had pain in his hernia and left testicle.  At another appointment, once the pain has not subsided, Dr. Ribas said the pain could be the result of hitting or cutting a nerve during the surgery.

An outside urologist, defendant Dr. Zippe, originally stated that the hernia mesh used during the surgery was too tight and was preventing fluid flow to the groin which was causing the pain, and damage was done to the left testicle that could require additional surgery.  At a follow-up appointment with Dr. Zippe, he told plaintiff there was nothing wrong with him and contradicted his earlier opinion.  Plaintiff also states that defendant Dr. Bassi was trying to replace his opioid pain medication with a non-opioid pain reliever.  He provides no other details regarding this defendant.

Liberally construed, plaintiff states a claim against Dr. Ashby and Dr. Ribas for violating the Eighth Amendment with respect to his diagnosis and surgery.[1]  Plaintiff fails to state a claim

---

[1] While Dr. Ribas appears to be a private actor, plaintiff has presented enough allegations for screening purposes that she was acting under the color of state law when she performed the

3

against Dr. Zippe or Dr. Bassi.  The only allegation against Dr. Zippe was that he changed his opinion of plaintiff's diagnosis.  This is insufficient to state a claim without additional allegations. Plaintiff only states that Dr. Bassi was trying to move plaintiff off opioid medication to a non-opioid alternative.  Similarly, these brief allegations fail to state a claim.  These defendants and claims are dismissed with leave to amend.

Plaintiff also requests the appointment of counsel.  The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, the Court finds that exceptional circumstances exist to warrant appointment of counsel if one can be found.  Consequently, the case is referred to the Federal Pro Bono Project. The case will be stayed, and plaintiff need not take any further action until an attorney is appointed.  If an attorney can be found, they can consult with plaintiff about filing an amended complaint or only continuing against Dr. Ashby and Dr. Ribas.

<div align="center"><strong>CONCLUSION</strong></div>

1.      Plaintiff's motion to add exhibits (Dkt. No. 4) is granted.  The motion to appoint counsel (Dkt. No. 6) is granted and this case is stayed pending further order.

2.      The Clerk of Court is requested to forward to the Federal Pro Bono Project: (a) a copy of this order, (b) a copy of the docket sheet, and (c) a copy of the complaint and relevant court orders.  When the Federal Pro Bono Project reports that an attorney has been located to represent plaintiff, that attorney will be appointed.

3.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

_____

surgery.

<div style="writing-mode: vertical-lr">United States District Court<br>Northern District of California</div>

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

5